IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 17-cv-02392-MSK-KLM

LEVEL 3 COMMUNICATIONS, LLC,
a Delaware limited liability company, and

LEVEL 3 TELECOM HOLDINGS, LLC,
a Delaware limited liability company,

      Plaintiffs,

v.

BEAVEX INCORPORATED,
a Connecticut corporation,

      Defendant.

---

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(3) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA UNDER 28 U.S.C. § 1404(a)**

---

**COME NOW** Defendant BeavEx Incorporated ("BeavEx") who moves to dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or, in the alternative, to transfer to the Northern District of Georgia under 28 U.S.C. § 1404(a).

This Motion is based on this Motion, the accompanying Memorandum of Points and Authorities, the Declaration of John F. Hedge and Exhibits thereto, the pleadings on file in this action, and upon such other matters as may be properly presented to the Court.

Defendant certifies that pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel discussed the grounds for this motion and the relief requested with counsel for the Plaintiffs on November 14, 2017. Plaintiffs' counsel opposes the relief requested herein.

Dated:  November 15, 2017                    Respectfully submitted,

By: */s/ Luke A. Connelly*

Luke A. Connelly
Johanna Rae Hudgens
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Lconnell@winston.com
Jhudgens@winston.com

*Attorneys for Defendant*
*BeavEx Incorporated*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

I. The Action Should Be Dismissed For Lack of Personal Jurisdiction and Improper Venue ....... 4

    A.    Plaintiffs Cannot Demonstrate Personal Jurisdiction Over BeavEx .................................. 4

        1.    Legal Standards on a Motion to Dismiss for Lack of Personal Jurisdiction .................. 4

        2.    BeavEx is Not "At Home" in Colorado and is Not Subject to General Jurisdiction ...... 5

        3.    BeavEx's Minimal Contacts in Colorado Are Not the Basis of Plaintiffs' Claim and BeavEx is Not Subject to Specific Jurisdiction in Colorado ................................. 7

    B.    Additionally, This Matter Should Be Dismissed For Improper Venue ........................... 10

II. In the Alternative, This Matter Should Be Transferred to the Northern District of Georgia ... 10

    A.    Plaintiffs' Choice of Forum is Not Determinative ........................................... 11

    B.    The Witnesses and Other Sources of Proof are Primarily Located in Georgia ............... 11

    C.    The Cost of Making the Necessary Proof Will be Less in Georgia ................................. 12

    D.    It is Advantageous to Have a Georgia Court Determine Questions of Georgia Law ....... 12

    E.    The Other Factors and Considerations are Neutral .......................................... 13

CONCLUSION .................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Associated Inns & Rest. Co. of Am. v. Dev. Assocs.*,
    516 F. Supp. 1023 (D. Colo. 1981)............................................................9

*Aurora Bank, FSB v. Seattle Bank*,
    Civ. No. 13-CV-00725-CMA-KLM, 2013 WL 5716515 (D. Colo. Oct. 21,
    2013) ............................................................................................................9

*Aurora Commercial Corp. v. Lenox Fin. Mortg. Corp.*,
    Civ. No. 13-CV-0323-WJM-MJW, 2013 WL 5200231 (D. Colo. Sept. 16,
    2013) ................................................................................................11, 12, 13

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985)..................................................................................7, 8

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
    928 F.2d 1509 (10th Cir. 1991) ............................................................10, 11

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)................................................................................5, 6

*Elec. Payment Sys., LLC v. Elec. Payment Solutions of Am., Inc.*,
    Civ. No. 14-CV-02624-WYD-MEH, 2015 WL 5444278 (D. Colo. Sept. 16,
    2015) ............................................................................................................6

*Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*,
    618 F.3d 1153 (10th Cir. 2010) ..............................................................12

*Far West Capital, Inc. v. Towne*,
    46 F.3d 1071 (10th Cir. 1995) .............................................................4, 5, 8

*Friends of the Norbeck v. U.S. Forest Service*,
    Civ. No. 10-CV-2164-AP, 2010 WL 4137500 (D. Colo. Oct. 18, 2010)................11

*Frontier Steel Bldgs. Corp. v. Wiser Constr., LLC*,
    Civ. No. 07-CV-02100-REB-MJW, 2008 WL 4293665 (D. Colo. Sept. 17,
    2008) ............................................................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)................................................................................4, 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984)..........................................................................................4, 5

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)...........................................................................................4, 7

*J. McIntrye Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)...............................................................................................5

*McMechen. v. United States*,
    No. 06-CV-02209-LTB-MEH, 2007 WL 433123 (D. Colo. Feb. 2, 2007)............................12

*Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*,
    16 Fed. Appx. 959 (10th Cir. 2001).................................................................4, 8, 9

*Rambo v. Am. S. Ins. Co.*,
    839 F.2d 1415 (10th Cir. 1988) .......................................................................5, 9

*Resources Inv. Corp. v. Hughes Tool Co.*,
    561 F. Supp. 1236 (D. Colo. 1983)........................................................................11

*Tex. Gulf Sulphur Co. v. Ritter*,
    371 F.2d 145 (10th Cir. 1967) ...............................................................................11

*United States for Use & Benefit of Crux Subsurface, Inc. v. TK Constr. US, LLC*,
    Civ. No. 15-CV-01777-LTB, 2015 WL 8759330 (D. Colo. Dec. 15, 2015)..........................10

## Statutes

28 U.S.C. § 1404(a) ..................................................................................2, 10, 11

28 U.S.C. § 1391.........................................................................................1, 10

## Other Authorities

Fed. R. Civ. P. 12(b)(2)................................................................................4, 5, 9

Fed. R. Civ. P. 12(b)(3) ..................................................................................10

## PRELIMINARY STATEMENT

Plaintiffs' Amended Complaint ("Complaint" or "Compl.") should be dismissed because the Court does not have personal jurisdiction over Defendant BeavEx. The Complaint cannot allege facts that warrant this Court to exercise personal jurisdiction over BeavEx, because BeavEx is not "at home" in Colorado and Plaintiffs' breach of contract action arises out of telecommunication service orders that were negotiated, signed, and performed outside of the State of Colorado.

BeavEx is not subject to general or specific personal jurisdiction in Colorado. It is incorporated in Connecticut and headquartered in Atlanta, Georgia, and its executives manage the business from Georgia.  BeavEx is not "at home" in Colorado, and its limited contacts in the state are not sufficient to permit the exercise of general jurisdiction.

BeavEx's limited contacts also fail to satisfy the minimum contacts required by the due process clause, and BeavEx therefore is not subject to this Court's specific jurisdiction. The service orders were negotiated by executives in Georgia, signed by executives in Georgia, and performed in facilities in Georgia.  Further, the service outages that formed the basis for cancelling Level 3's services all occurred outside the State of Colorado, and the communications about early termination liability were sent to Level 3 personnel in Georgia. The communications alleged by Plaintiffs are both negligible and unrelated to the cause of action. As such, the court lacks personal jurisdiction over this case.

For the same reasons the Court lacks personal jurisdiction over BeavEx, venue in the District of Colorado is improper under 28 U.S.C. § 1391. None of the Section 1391 subsections apply here: BeavEx does not reside in this District and is not subject to the personal jurisdiction of

this Court; the events giving rise to the breach of contract claim did not occur in Colorado; and this action clearly could have been brought in another forum, the United States District Court for the Northern District of Georgia. Thus, there is no basis for venue in this District and the action should be dismissed.

Finally, and in the alternative, in the event that this Court decides that it may exercise personal jurisdiction over BeavEx, BeavEx requests that the Court transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## STATEMENT OF FACTS

BeavEx provides transportation and logistics services to businesses located throughout the United States. BeavEx is incorporated in Connecticut and headquartered in Atlanta, Georgia. BeavEx's Chief Executive Officer, Chief Financial Officer, Chief Information Officer, and all corporate departments are located in Georgia. (Declaration of John Hedge ("Hedge Dec.") ¶ 8.)

In February of 2013, BeavEx hired tw telecom holdings Inc. ("tw telecom") to provide telecommunication services at three offices located in Georgia. (Hedge Dec. ¶¶ 11, 12.) The service order and the accompanying terms and conditions ("tw terms")[1] were signed in Georgia. (Hedge Dec. ¶ 11.) The tw terms contained a governing law provision stating that all disputes arising under the agreement would be "governed by and subject to the laws of the State of Georgia." (tw terms ¶ 18.)

Level 3 Communications Inc. acquired tw telecom in 2014, and renamed it Level 3 Telecom Holdings, LLC ("Level 3"). (Compl. ¶13.) BeavEx signed a series of Level 3 quotes for

---

[1] A copy of the tw telecom service order and the accompanying Standard Terms and Conditions is attached to the Declaration of John Hedge as Exhibit A.

telecommunication services starting in 2015, which were negotiated and signed in Georgia. (Hedge Dec. ¶ 13.) On November 8, 2016, due to chronic service outages, BeavEx sent a cancellation letter to Level 3 with an attached list detailing reported chronic outages at 28 facilities in 16 different states ("Cancellation Letter")[2]. None of the outages occurred in Colorado. (Cancellation Letter.) BeavEx then terminated all Level 3 services for cause in January 2017. (Hedge Dec. ¶ 14.) Thereafter, BeavEx's communications related to early termination liability were sent to Level 3 sales and account managers located in Georgia. (Hedge Dec. ¶ 15.)

Despite the fact that Plaintiffs' case has no connection to the state, Plaintiffs filed their Complaint in the District of Colorado. Plaintiffs single cause of action arises from BeavEx's termination of Level 3 services and refusal to pay early termination fees allegedly due to Plaintiffs. Plaintiffs allege that BeavEx breached the tw terms, the signed Level 3 quotes and the applicable Level 3 service schedules (together, "the Orders") by failing to pay early termination fees.[3] (Compl. ¶ 25.)

Due to the lack of connection between the State of Colorado and the claims at issue, BeavEx now moves to dismiss this action for lack of personal jurisdiction and improper venue or, in the alternative, moves to transfer this case to the Northern District of Georgia.

---

[2] A copy of the November 8, 2016 Cancellation Letter and the accompanying list of outages is attached to the Declaration of John Hedge as Exhibit B.

[3] Defendant BeavEx disputes Plaintiffs' action on the merits and does not believe that Plaintiffs have any basis to recover the damages asserted in the Complaint.

**ARGUMENT**

## I.  THE ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

**A.      Plaintiffs Cannot Demonstrate Personal Jurisdiction Over BeavEx**

      **1.**    <u>Legal Standards on a Motion to Dismiss for Lack of Personal Jurisdiction</u>

A court must dismiss a case when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). In a diversity action filed under 28 U.S.C. § 1332, a federal district court has personal jurisdiction over a non-resident defendant only if (1) "jurisdiction is legitimate under the laws of the forum state," and (2) "the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Colorado's long-arm statute, Section 13-1-124 of the Colorado Revised Statutes, extends personal jurisdiction to the full extent permitted under the due process clause. *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 16 F. App'x 959, 962 (10th Cir. 2001). Thus, the key question is whether a court's exercise of personal jurisdiction over the defendant violates due process under the U.S. Constitution. *See id.*

Federal due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). In order to establish the required minimum contacts a court must have either general or specific personal jurisdiction over the defendant. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8, 9 (1984).

General jurisdiction exists if the defendant corporation's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*

4

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). A corporation is ordinarily considered "at home" for purposes of general jurisdiction only in its state of incorporation or principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761, n.19 (2014). In the absence of general jurisdiction, by contrast, specific jurisdiction exists only if the claims arise out of the defendant's conduct in the forum. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).

It is the plaintiff's burden to establish personal jurisdiction over a defendant. *Far West Capital*, 46 F.3d at 1075 (quoting *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Plaintiffs must make a prima facie showing of personal jurisdiction when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials. *Id.*[4]

Plaintiffs cannot meet their burden to establish that the Court has personal jurisdiction over BeavEx. Defendant is not "at home" in Colorado, and this action did not arise out of any conduct by BeavEx in this forum. Therefore, this Court should dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

**2.**   <u>BeavEx is Not "At Home" in Colorado and is Not Subject to General Jurisdiction</u>

General jurisdiction allows a forum to exercise jurisdiction over a party on a cause of action unrelated to the defendant's contacts with the forum. *See Helicopteros*, 466 U.S. at 414 n.9. Most recently, in *Daimler AG v. Bauman*, the United States Supreme Court significantly narrowed the scope of a Court's general jurisdiction. Under *Daimler*, absent exceptional circumstances, a

---

[4] The Court should consider the documents attached to the Hedge Declaration as this motion is brought under 12(b)(2) and these documents show that the court does not have jurisdiction over the defendant. The facts as described herein are based on the information set forth in and attached to the Hedge Declaration and, where necessary, allegations in the Complaint.

corporation is subject to general jurisdiction only in its state of incorporation and in the state where its principal place of business is located. *See* 134 S. Ct. at 760, 761 n.19.

The *Daimler* Court suggested that certain "exceptional circumstances" may exist where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* The Court cautioned, however, that a corporation like BeavEx, that "operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20.

Courts since *Daimler* have made clear that exceptional circumstances are *not* found where a corporation's operations in the forum state are no more substantial than in any other state in which it conducts business. *See Elec. Payment Sys., LLC v. Elec. Payment Solutions of Am., Inc.*, Civ. No. 14-CV-2164-AP, 2015 WL 5444278, at *4 (D. Colo. Sept. 16, 2015) (finding that the existence of bank branches and ATM machines in the state was not sufficient to make Wells Fargo at home in Colorado for the purposes of general jurisdiction). Thus, absent facts demonstrating that a corporation has a surrogate home, the corporation is only subject to general jurisdiction in the state of incorporation or the state of its principal place of business. *See Daimler*, 134 S. Ct. at 761, n.19.

BeavEx is not subject to general jurisdiction in Colorado.  As Plaintiffs concede, BeavEx is incorporated in Connecticut and its principal place of business is located in Atlanta, Georgia. (Compl ¶ 4.) Plaintiffs note that BeavEx has an office in Denver, Colorado, (Compl. ¶ 8.), but BeavEx also has offices in 37 other states and the District of Columbia. (Hedge Dec. ¶ 6.) BeavEx is a nationwide shipping and logistics company conducting business across the United States.

6

(Hedge Dec. ¶ 6.)BeavEx employs nearly to 450 people across the country, but the Denver facility maintains only five full-time employees. (Hedge Dec. ¶ 10.)

Plaintiff cannot plead that BeavEx's contacts in Colorado are "so substantial and of such a nature as to render the corporation at home" as required under *Daimler*. BeavEx manages its business and conducts all corporate activity from its headquarters in Atlanta, Georgia. (Hedge Dec. ¶ 7.) BeavEx's Chief Executive Officer, Chief Financial Officer, Chief Information Officer maintain their offices in Georgia. All of BeavEx's corporate departments are located in Georgia. (Hedge Dec. ¶ 8.) BeavEx's business operations in Colorado are negligible when compared to its operations in Georgia. (Hedge Dec. ¶ 9.) Given the limited operations in Colorado, BeavEx is clearly not "at home" in the State of Colorado. As such, the Court lacks general jurisdiction over BeavEx.

**3.**   BeavEx's Minimal Contacts In Colorado Are Not the Basis of Plaintiffs' Claim and BeavEx Is Not Subject to Specific Jurisdiction In Colorado

When a defendant is not subject to general personal jurisdiction, a district court may exercise specific personal jurisdiction only where: (1) the defendant "purposely avails itself of the privilege of conducting activities within the forum state," and (2) the alleged injury arises out of the defendant's actions in the forum state. *Frontier Steel Bldgs. Corp. v. Wiser Const., LLC*, Civ. No. 07-CV-02100-REB-MJW, 2008 WL 4293665, at *1 (D. Colo. Sept. 17, 2008). In addition, "the nonresident defendant's contacts with the forum state must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id. (*quoting *International Shoe*, 326 U.S. at 316)*; see also Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("This … ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ….") (citations omitted).

"The law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum." *Nat'l Bus.*, 16 F. App'x at 962 (internal quotations omitted). To determine whether a defendant purposefully established minimum contacts in a contract dispute, courts evaluate the parties "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King, 471 U.S. at 479.*

The Orders, which Plaintiffs allege BeavEx breached, were negotiated in Georgia and executed in Georgia. (Hedge Dec. ¶¶ 11, 13.) In fact, almost all of the services which Plaintiffs provided to BeavEx occurred outside the state of Colorado. (Hedge Dec. ¶ 9.) Furthermore, the tw terms contain a governing law provision which states that "any claim controversy or dispute arising under or related to this Agreement shall be governed by and subject to the laws of the State of Georgia …." (tw terms ¶ 18.) This unmistakably shows that BeavEx did not "purposefully invoke the benefits and protections of [Colorado's] laws…" *See Burger King*, 471 U.S. at 482 (explaining that choice-of-law provisions are relevant to a minimum contacts analysis) *see also Far West Capital*, 46 F.3d at 1080 n.7 (including a choice-of-law provision in its analysis of minimum contacts when the provision implicated the law of another jurisdiction).

Plaintiffs' Complaint only alleges trivial connections between BeavEx and the forum state. Plaintiffs allege that BeavEx "communicated with Level 3 personnel based in Colorado." (Compl. ¶ 15.) The Complaint also alleges that BeavEx submitted trouble tickets to Level 3 personnel, some of whom were located in Colorado. (Compl. ¶ 16.) However, "[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." *Nat'l Bus.*, 16 F. App'x at 962 (quoting *Far West Capital*, 46 F.3d at 1077). "Instead, the exercise of

8

jurisdiction depends on the nature of those contacts and whether they represent an effort by the defendant to purposefully avail itself of the privilege of conducting activities within the forum state." *Id.* (quoting *Rambo*, 839 F.2d at 1418-19) (internal quotations omitted).

Here, BeavEx's limited communications and service calls are not sufficient to establish specific jurisdiction. Based on the tw terms, BeavEx called a toll-free number to report service outages. (tw terms ¶ 8(c).) In addition, BeavEx's communications concerning the early termination fees, which are the basis for this suit, were sent to Level 3 Account and Sales Managers located in Norcross, GA. (Hedge Dec. ¶ 15.) In fact, all of the contacts alleged in the Complaint bear little or no relation to Plaintiffs' cause of action.

Plaintiffs also allege that BeavEx sent a service termination notice to Level 3's General Counsel in Colorado. (Compl. ¶ 17.) However, "simply communicating about the matters that gave rise to [the] suit is insufficient to justify exercising jurisdiction over [the] Defendant." *Aurora Bank, FSB v. Seattle Bank,* Civ. No. 13-CV-00725-CMA-KLM, 2013 WL 5716515 at *5 (D. Colo. Oct. 21, 2013) (citing *Associated Inns & Rest. Co. of Am. v. Dev. Assocs.*, 516 F. Supp. 1023, 1026-27 (D. Colo. 1981)). The termination notice was sent to Colorado because Level 3's principal place of business is in Colorado. There was clearly no "specific or intentional effort to conduct business within the State of Colorado"; therefore, BeavEx does not have sufficient minimum contacts to establish specific jurisdiction in Colorado. *Nat'l Bus.*, 16 F. App'x at 963.

Plaintiffs' Complaint alleges random, fortuitous, and attenuated contacts that are unrelated to the breach of contract claim. As demonstrated above, Plaintiffs have failed to assert any facts sufficient to establish personal jurisdiction over BeavEx in this Court. Therefore, Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

9

**B.      Additionally, This Matter Should Be Dismissed For Improper Venue**

An action should be dismissed under Federal Rule of Civil Procedure 12(b)(3) if a plaintiff

has selected an improper venue. Once an objection to venue has been raised, the plaintiff bears the

burden of proving that venue is proper. *United States for Use and Benefit of Crux Subsurface, Inc.*

*v. TK Constr. US, LLC*, Civ. No. 15-CV-01777-LTB, 2015 WL 8759330 at *2 (D. Colo. Dec. 15,

2015).

Despite Plaintiffs' allegations that venue is proper in Colorado "because a substantial part

of the events or omissions giving rise to the claim occurred in this judicial district," (Compl. ¶ 6),

as detailed above, almost all of the events giving rise to Plaintiffs' breach of contract claim

occurred in Georgia. Therefore, venue in this district is improper under 28 U.S.C. § 1391(b)(2).

Furthermore, venue in this district is improper under 28 U.S.C. §1391(b)(1) and (c)(2)

because BeavEx does not reside in and is not subject to personal jurisdiction in this district. Finally,

28 U.S.C. § 1391(b)(3) does not apply because this action could have been brought in the Northern

District of Georgia.

Accordingly, venue of this action in this Court is improper, and Plaintiffs' Complaint

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

**II.  IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE
NORTHERN DISTRICT OF GEORGIA**

In response to a motion to dismiss, the Court may instead transfer the case "to any other

district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding

whether to transfer, the court has discretion "to adjudicate motions for transfer according to an

individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v.*

*Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotations omitted).

In the Tenth Circuit, courts weigh the following factors when deciding whether to transfer venue pursuant to 28 U.S.C. § 1404(a):

> (1) plaintiff's choice of forum;  (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and, (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). As set forth below, the second, third, and eighth factors clearly weigh in favor of transfer to the Northern District of Georgia and the other factors are neutral.

## A.      Plaintiffs' Choice of Forum is Not Determinative

A plaintiff's choice of forum is not controlling. *Resources Inv. Corp. v. Hughes Tool Co.*, 561 F. Supp. 1236, 1238 (D. Colo. 1983). Although Plaintiffs' choice of forum is entitled to significant weight, "[t]hat choice is not[] beyond reproach." *Friends of the Norbeck v. U.S. Forest Service*, Civ. No. 10-CV-2164-AP, 2010 WL 4137500 at *5 (D. Colo. Oct. 18, 2010). Courts will transfer venue regardless of a plaintiff's choice if the defendant establishes that other factors weigh strongly in favor of transfer. *See Aurora Commercial Corp. v. Lenox Fin. Mortg. Corp.*, Civ. No. 13-CV-2323-WJM-MJW, 2013 WL 5200231 at *5 (D. Colo. Sept. 16, 2013) (transferring case despite venue being proper when second, third and eighth factors weighed in favor of transfer).

## B.      The Witnesses and Other Sources of Proof are Primarily Located in Georgia

"Although a plaintiff's choice of forum is entitled to considerable weight, the Tenth Circuit has held that '[t]he convenience of witnesses is the most important factor in deciding a motion [to

transfer venue] under § 1404(a).'" *Id.* at \*3 (quoting *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). There can be no dispute that in this case the key witnesses and evidence are primarily located in Georgia. The Orders at issue were negotiated by BeavEx with Plaintiffs' agents located in Georgia. (Hedge Dec. ¶¶ 11, 13.) The Level 3 representatives who communicated with BeavEx about the early termination liability also reside in Georgia. (Hedge Dec. ¶ 15..) The vast majority of potential witnesses are located in Georgia. As such, this factor weighs heavily in favor of transfer.

**C.      The Cost of Making the Necessary Proof Will be Less in Georgia**

The key witnesses for both BeavEx and Level 3 are located in Georgia. Both parties would incur significant costs if these witness are required to travel to Colorado for trial testimony. Furthermore, the majority of the relevant information is located at BeavEx's offices in Atlanta. On balance, litigating this case in Colorado will cost more than it would in Georgia. Therefore, this factor weighs in favor of transfer. *See id.* at \*4 (finding that the costs weigh in favor of transfer and noting that "the Court cannot assume that … the witnesses' travel will otherwise be unnecessary").

**D.      It is Advantageous to Have a Georgia Court Determine Questions of Georgia Law**

In addition, the parties bargained for and expressly agreed that any claim or dispute arising under the Orders would "be governed by and subject to the laws of the State of Georgia." (tw terms ¶ 18.) Although this Court is capable of applying Georgia law, the District Courts in Georgia necessarily have more experience with Georgia contract law than a court sitting in Colorado. *See McMechen v. United States*, No. 06-CV-02209-LTB-MEH, 2007 WL 433123 at \*3 (D. Colo. Feb.

12

2, 2007) (transferring case in part because California court would be more familiar with California law).

In *Aurora Commercial Corp. v. Lenox Financial Mortgage Corp.*, the Court ruled that the local law factor weighed in favor of transfer when the contract at issue was governed by the laws of a third-party state. 2013 WL 5200231 at *5 (holding that local law factor weighed in favor of transfer from Colorado to California when contract had a New York governing law provision). Here, the proposed transferee state, Georgia, is the same governing law state agreed to in the tw terms, and this factor weighs heavily in favor of transfer.[5]

**E.    The Other Factors and Considerations are Neutral**

The other factors are irrelevant or neutral in this case. There are no obstacles to a fair trial in either state; judgment would be equally enforceable in both states; the Courts' dockets are equally busy;[6] and either Court is equally capable of deciding potential questions of conflict of laws.

In *Aurora Commercial*, the Court found that the second, third and eighth factors weighing in favor of transfer were sufficient to overcome the plaintiff's choice of forum. *Id.* Here, those same factors weigh even more heavily in favor of transferring this case to Georgia.  Accordingly,

---

[5] Although Plaintiffs may intend to rely on a standard Master Services Agreement on the merits, the Master Services Agreement contains a New York governing law provision. BeavEx need not take a position at this stage of the case, as this factor weighs in favor of transfer regardless of which governing law provision applies.  *See McMechen*, 2007 WL 433123 at *3.

[6] *See, e.g.*, United States District Courts – National Judicial Caseload Profile (June 30, 2017) (available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2017.pdf) (ranking the District of Colorado eighteenth (18th) and the Northern District of Georgia twentieth (20th) in weighed filings per Judgeship when compared with all U.S. District Courts).

13

in the event that the Court declines to dismiss this action, the case should be transferred to the Northern District of Georgia.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss this case for lack of personal jurisdiction or improper venue. In the alternative, the Court should transfer this case to the Northern District of Georgia.

Dated: November 15, 2017                         Respectfully submitted,

By: */s/ Luke A. Connelly*

Luke A. Connelly
Johanna Rae Hudgens
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Lconnell@winston.com
Jhudgens@winston.com

*Attorneys for Defendant*
*BeavEx Incorporated*

14

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2017, a true and correct copy of the foregoing **MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER and DECLARATION OF JOHN F. HEDGE** and **EXHIBITS A and B** thereto were filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

Michael L. O'Donnell
Kathryn A. Reilly
Thomas A. Olsen
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: (303) 244-1800
Email: odonnell@wtotrial.com
reilly@wtotrial.com
olsen@wtotrial.com


*/s/ Luke A. Connelly*
Luke A. Connelly

15